# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF MICHAEL H. HAMILTON, BAR NO. 7730.

No. 72497

**FILED**

JUL 3 1 2017


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Michael H. Hamilton be suspended from the practice of law for six months and one day, stayed subject to certain conditions. The recommended discipline is based on Hamilton's violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of demonstrating by clear and convincing evidence that Hamilton committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

While representing a client in a personal injury case, Hamilton failed to oppose two motions in limine and a motion for summary judgment. The motion for summary judgment against Hamilton's client was granted and while he filed a motion for reconsideration, he failed to include a notice paragraph, and thus, the reconsideration motion was never heard. Hamilton failed to inform his client of the dismissal and months later when she asked him for an update, he lied to her on numerous occasions providing that he was trying to get the trial scheduled. At that time, the statute of limitations had run on his client's case and she still had $90,000 of outstanding medical costs associated with her injury.

The panel found that Hamilton violated RPC 1.1 (competence) and RPC 1.3 (diligence) by failing to oppose the motions in limine or the motion for summary judgment and violated RPC 1.4 (communication) by failing to inform his client of the dismissal and lying to her about the status of the case. The panel also found that he violated RPC 8.1 (bar admission and disciplinary matters) by failing to respond to the State Bar's investigation and violated RPC 8.4 (misconduct) by violating the other RPCs and lying to his client about the status of her case. We defer to the hearing panel's findings of facts in this matter as they are supported by substantial evidence and are not clearly erroneous. Based on those findings, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Hamilton violated the above listed rules.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of*

*Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting purpose of attorney discipline).

Hamilton violated duties owed to his client (competence, diligence, communication) and the profession (failing to respond to lawful requests for information from a disciplinary authority). Hamilton's misconduct was either negligent or knowing. His misconduct harmed his client because her case was dismissed, she could not refile because the statute of limitations had run, and she had outstanding medical expenses that she could no longer recover from the opposing party. The panel found two aggravating circumstances (prior disciplinary offenses and multiple offenses) and two mitigating circumstances (imposition of other penalties or sanctions and remorse).

Considering all of these factors, we agree that a suspension is warranted. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Rules and Standards* 452 (Am. Bar Ass'n 2015) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."); *id.*, Standard 4.62 ("Suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client."). Further, considering the mitigating circumstances, we conclude that the panel's recommended six-month-and-one-day stayed suspension subject to Hamilton's payment of restitution and completion of Continuing Legal Education (CLE) credits protects the public, the courts, and the legal profession.

Accordingly, we hereby suspend Michael H. Hamilton from the practice of law in Nevada for six months and one day, stayed subject to the following conditions: (1) he shall pay Elke Skowronek $90,000 in restitution within 2 months of the date of this order,[1] and (2) he shall complete 24 CLE credits, including at least 6 credits in ethics, in addition to the annual CLE requirement within 12 months of this court's order. Hamilton shall also pay SCR 120(1) fees in the amount of $2,500 and the costs of the disciplinary proceedings within 30 days of the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                        Gibbons

_____, J.          _____, J.
Pickering                      Hardesty

_____, J.          _____, J.
Parraguirre                    Stiglich

---

[1]While the panel's written recommendation was for Hamilton to pay restitution within 6 months from the date of this court's order, the panel's original recommendation was for the payment of restitution within 6 months of the date of their recommendation, which would be 2 months from the date of this order.

cc: Chair, Southern Nevada Disciplinary Panel
Law Offices of Michael H. Hamilton
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court